# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD CARD and<br>KRISTEN LEHMAN,<br>      Plaintiffs | : | No. 3:13cv2538 |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| USA TRUCK, INC. c/o CT<br>CORPORATION SYSTEM,<br>USA TRUCK, INC., and<br>DAVID D. MOORE,<br>      Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court is defendants' notice of removal. For the following reasons, the court will *sua sponte* remand this case to the Luzerne County Court of Common Pleas.

## **Background**

Plaintiffs commenced the instant action in the Luzerne County Court of Common Pleas on September 5, 2013. (Doc. 1, Ex. A, Praecipe for Writ of Summons). Defendants filed a notice of removal to this court on October 9, 2013. (Doc. 1). After careful consideration, the court finds that it does not have jurisdiction and will remand the case.

## **Discussion**

Federal courts, being courts of limited jurisdiction, have a continuing duty to satisfy themselves of jurisdiction before addressing the merits of a case. Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1049 (3d Cir. 1993).

Moreover, federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) (citation omitted); Shaffer v. GTE North, Inc., 284 F.3d 500, 502 (3d Cir. 2002).

Generally, a defendant can remove a state court civil action to a United States District Court if the federal court would have had original jurisdiction to address the matter. 28 U.S.C. § 1441. Once a case is removed, the federal court may remand it if the court determines that it lacks federal subject matter jurisdiction. 28 U.S.C. § 1447(c).[1] "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." Brown v. Francis, 75 F.3d 860, 864-65 (3d Cir. 1996) (quoting Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985)).

The burden of establishing jurisdiction in the removal situation rests with the defendant. Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987). Defendants' notice of removal reveals that we lack

---

[1] In pertinent part, 28 U.S.C. § 1447(c) provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

2

jurisdiction.  In it, defendants indicate that this court has diversity jurisdiction under 28 U.S.C. § 1332.  (Doc. 1, Notice of Removal ¶¶ 1-8).  Pursuant to this statutory section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"  28 U.S.C. § 1332(a)(1).

Normally, the court begins its analysis by reviewing the plaintiff's complaint.  The court examines the allegations of the complaint to determine the amount in controversy and the citizenship of the parties.  Angus v. Shiley, Inc., 989 F.2d 142, 145 (3d Cir. 1993).  In the instant case, however, a complaint has not been filed.

The law provides that a state civil action may be removed by a defendant within thirty (30) days after defendant receives the "initial pleading."  28 U.S.C. § 1446(b).  At the present time, the writ of summons is the only state court filing.[2]  Defendants seek to treat the summons as the "initial pleading."  The

---

[2] Under Pennsylvania law, a general writ of summons merely contains the plaintiff's name, defendant's name and notice that an action has been commenced with the county, the date, the name of the prothonotary or clerk and the deputy.  See PA. R. CIV. P. 1351.  To prevent inequity and prejudice to a defendant not yet served with a complaint, Pennsylvania law allows a defendant to request the prothonotary order the plaintiff to file a complaint. See PA. R. CIV. P. 1037(a) (stating that "the prothonotary, upon praecipe of

3

filing of a writ of summons in Pennsylvania state court, however, is not an "initial pleading" that triggers the removal deadline. Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 223 (3d Cir. 2005). The complaint is the initial pleading, which provides the basis for removal. Sikirica, 416 F.3d at 221-223. No complaint has been filed in this case. Ergo, defendants' removal is improper.

**Conclusion**

For the reasons stated above, the case will be remanded to the Luzerne County Court of Common Pleas. An appropriate order follows.

Date: <u>10/11/13</u>　　　　　　　　　　　s/ James M. Munley
　　　　　　　　　　　　　　　　　　　**JUDGE JAMES M. MUNLEY**
　　　　　　　　　　　　　　　　　　　**United States District Court**

---

the defendant, shall enter a rule upon the plaintiff to file a complaint. If a complaint is not filed within twenty days after service of the rule, the prothonotary, upon praecipe of the defendant, shall enter a judgment of non pros.").

4